UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13CV-00021-GNS-HBB


BRUSS NORTH AMERICA, INC.                                          PLAINTIFF


v.


KYLE ROBERTSON                                                     DEFENDANT


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff Bruss North America, Inc. ("Bruss") (DN 46).  Because the time to file a response has passed, this matter is ripe for decision.  For the reasons outlined below, the motion is **GRANTED**.

### I.        STATEMENT OF FACTS AND CLAIMS

As alleged in the Complaint, "Bruss is an auto parts and supplies manufacturer . . . ." (Compl. ¶ 6, DN 1).  From November 2008 to February 2013, Defendant Kyle Robertson ("Robertson") was employed by Bruss as its Controller at its Bee Springs plant.  (Compl. ¶ 7; Robertson Dep. 3:21-25, June 13, 2014, DN 48-1).  In his role as Controller, Robertson had access and control over Bruss's bank accounts and was responsible for managing and reconciling those accounts.  (Compl. ¶ 8; Robertson Dep. 4:1-12).

Beginning approximately four or five months into his employment, Robertson began converting funds from Bruss's Deutsche Bank account to his personal bank at Monticello Bank (Robertson Dep. 14:20-25, 20:1-9).  He used his online access to Bruss's Deutsche Bank account

to set up transfers directly to his personal account.  (Robertson Dep. 16:21-17:9).  On one or two occasions, Robertson paid his personal credit card bill from another one of Bruss's bank accounts.  (Robertson Dep. 18:12-19:25).  He also stole money from the company's petty cash funds.  (Robertson Dep. 21:14-18).  In total, Robertson embezzled $625,096.41 over a forty-five-month period.  (Pl.'s Mot. for Summ. J. Ex. B; Compl. 6-7).

To cover his tracks, Robertson used different methods but mostly hid his criminal activity by putting false entries on the company's balance sheet.  (Robertson Dep. 17:10-16).  Robertson then used the converted funds for his own use.  (Robertson Dep. 14:25-15:5).  Robertson testified that he used the stolen funds to buy and trade vehicles frequently, to pay for improvements to his home, to make numerous retail purchases, and to cover his living expenses.  (Robertson Dep. 30:9-34:14).  The criminal activity was first disclosed on February 6, 2013, when Robertson confessed to Dirk Benthien.  (Robertson Dep. 17:17-20).

Bruss filed this lawsuit alleging common law torts of conversion, breach of fiduciary duty, and fraud, and requested a recovery of punitive damages.  (Compl. ¶¶ 18-31).  During the pendency of the action, Robertson pleaded guilty to 12 counts of wire fraud in violation of 18 U.S.C. § 1343.  (Pl.'s Mot. for Summ. J. Ex. B, DN 48-2).  He was sentenced to serve 41 months in prison and ordered to pay restitution to Bruss totaling $625,096.41.  (Pl.'s Mot. for Summ. J. Ex. B, DN 48-2; Compl. 6-7).

## II.    JURISDICTION

This Court has subject-matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332. The parties are diverse, and the amount in controversy exceeds $75,000.  (Compl. ¶¶ 1-3).

### III.    STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of any material fact that would preclude entry of judgment for the moving party as a matter of law.  *See* Fed. R. Civ. P. 56(a).  The moving party bears the initial burden stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the moving party satisfies its burden, the non-moving party must the produce specific evidence proving the existence of a genuine issue of fact for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted).  Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute."  Fed. R. Civ. P. 56(c)(1).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV.    DISCUSSION

In its motion, Bruss argues that summary judgment is warranted on all of its claims. Each claim is separately addressed below.

A.      **Conversion**

Bruss's initial claim is that Robertson committed the tort of conversion.  "[C]onversion is the wrongful exercise of dominion and control over the property of another . . . ."  *State Auto. Mut. Ins. Co. v. Chrysler Credit Corp.*, 792 S.W.2d 626, 627 (Ky. App. 1990) (citing *Ill. Cent. R. Co. v. Fontaine*, 289 S.W. 263 (1926)).  "Neither motive, intent, nor good faith is material to the [cause of] action."  *Id.* at 627-28 (citing *Urban v. Lansing's Adm'r*, 39 S.W.2d 219 (Ky. 1931)). The proper measure of damages "is the value of the property at the time of the conversion."  *Id.* at 627 (citing *Nolin Prod. Credit v. Canmer Deposit Bank*, 726 S.W.2d 693 (Ky. App. 1986)).

In this case, it is undisputed that Bruss had two bank accounts and a petty cash fund. Because of his position, Robertson had access to those funds, and without Bruss's permission, converted those funds to his own bank account and for his own use.  He then proceeded to spend those funds for his own benefit, and the total amount converted, as reflected by the restitution ordered in the criminal action is $625,096.41.  Accordingly, the Court will grant summary judgment for Bruss on its conversion claim.

B.      **Breach of Fiduciary Duties**

Bruss also argues that it is entitled to summary judgment on its breach of fiduciary duties claim against Robertson.  "In order to prevail on a claim for breach of fiduciary duty, a plaintiff must establish that (1) the defendant owes a fiduciary duty to it; (2) the defendant breached that duty; and (3) the defendant suffered damages as a result of the breach."  *Thornton v. W. & S. Fin. Grp. Beneflex Plan*, 797 F. Supp. 2d 796, 812 (W.D. Ky. 2011) (citation omitted).

Under Kentucky law, a fiduciary duty is defined as "one founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in

4

matters connected with such undertaking." *Id.* (internal quotation marks omitted) (citation omitted). "The relation[ship] may exist under a variety of circumstances; it exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." *Sec. Tr. Co. v. Wilson*, 210 S.W.2d 336, 338 (Ky. 1948) (citation omitted).

Based upon the facts of this case, the Court concludes that Robertson was a fiduciary. In his role as Controller, Robertson had access and control over Bruss's accounts, which included access to the USB security key and password to Bruss's Deutsche Bank account. (Robertson Dep. 16:21-17:9). He was also responsible for creating financial reports for the company, which placed him in a position of special confidence or trust within the company. (Robertson Dep. 17:10-16). It is undisputed that Robertson breached his duties to Bruss by embezzling funds, which resulted in a loss of $625,096.41. For these reasons, Bruss is entitled to summary judgment on this claim.

### C.   **Fraud**

Finally, Bruss asserts that it is entitled to summary judgment on its fraud claim. As this Court has stated:

> Under Kentucky law, a plaintiff asserting fraud must establish by clear and convincing evidence that the defendant made (1) a material misrepresentation, (2) which was false, (3) known to be false or made recklessly, (4) made with the intent that it be acted upon, (5) acted in reliance thereon, and (6) causing injury.

*Progressive Specialty Ins. Co. v. Rosing*, 891 F. Supp. 378, 379 (W.D. Ky. 1995) (citations omitted).

In its motion, Bruss argues that it has presented proof of all elements of it fraud claim, and the Court agrees. It is undisputed that Robertson engaged in a scheme in which he intentionally and materially falsified entries on Bruss's balance sheet to hide his embezzlement

to the tune of over $625,000.  Robertson has conceded that he falsified those entries to hide his criminal acts, and it is undisputed that Bruss relied upon those false entries because Robertson made it believe that he was properly performing his controller duties.  As a result of his actions, Bruss was defrauded of $625,096.41.  Thus, the Court concludes that Bruss has proven all of the elements of its fraud claim by clear and convincing evidence, which warrants the entry of summary judgment in its favor.[1]

### D. Unjust Enrichment

Finally, Bruss seeks to recover its loss under the equitable theory of unjust enrichment. To prevail on this claim, Bruss must provide:  "(1) [a] benefit [was] conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of [the] benefit by defendant; and (3) inequitable retention of [the] benefit without payment for its value."  *Jones v. Sparks*, 297 S.W.3d 73, 78 (citing *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987)).

The evidence in the record reflects that Robertson was the direct beneficiary of his embezzlement of funds from Bruss totaling $625,096.41.  He used these funds to pay his personal expenses, and the Court concludes that it would be inequitable for Robertson to retain the funds that he embezzled from his employer.  Summary judgment will also be granted on this equitable claim.[2]

---

[1] It is also significant that Robertson pleaded guilty to twelve counts of wire fraud under 18 U.S.C. § 1343.  *See Donovan v. Thomas*, 105 F.3d 291, 295 (6th Cir. 1997) ("The Kentucky Court of Appeals has held that 'under proper circumstances, a criminal conviction may be used for purposes of collateral estoppel in later civil proceedings.'"  (citation omitted)).

[2] Because Bruss did not pursue or otherwise reserve its claim for punitive damages in its motion, the Court will deem that claim as abandoned.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Bruss North America, Inc.'s Motion for Summary Judgment (DN 46) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 24, 2015

cc:    counsel of record

7